# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. SAMPSON, et al.,<br><br>　　　　　Defendants.<br>_____ / | Case No. 1:09-cv-00551-AWI-DLB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.   Screening Order**

　　Plaintiff Steven Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on March 24, 2009. (Doc. 1.)

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

　　A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.     Summary of Complaint

Plaintiff was previously incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action allegedly occurred. Plaintiff names as defendants: appeals coordinator K. Sampson, Warden W. J. Sullivan, Lieutenant D. Crounse, Chief Appeals Director N. Grannis, Captain D. Zanchi, assistant warden M. Carrasco, C.D.N. Warden L. L. Schulties, acting warden F. Gonzales, sergeant Slanker, and seven unknown officers. Plaintiff also names lieutenant Peterson as a defendant in the body of his complaint.

Plaintiff alleges violations of the Equal Protection Clause, the First Amendment, and the Eighth Amendment. Plaintiff alleges that defendant Sampson denied process on Plaintiff's inmate appeals, including his food allergy appeals and sexual harassment allegations. Plaintiff alleges defendant W. J. Sullivan has responsibility over the safety of his prisoners. Plaintiff alleges that defendant N. Grannis has a pattern of disregard in answering Plaintiff's appeals. Plaintiff alleges retaliation at CCI by unknown officers. Plaintiff alleges violations of the Eighth Amendment and Equal Protection against defendant Gonzales for failure to establish a religious program for Muslim prisoners. Plaintiff alleges defendant Gonzales falsified documents, which amounted to conjecture. Plaintiff alleges that defendant M. Carrasco lied to Plaintiff during an institutional classification committee hearing. Plaintiff alleges that M. Carrasco told Plaintiff he would be afforded his religious rights, but Plaintiff has not been afforded his religious freedom. Plaintiff alleges that defendant Schulties as chief deputy warden did deny and continued to deny Plaintiff's rights.

Plaintiff alleges that defendant D. Zanchi moved Plaintiff to a management cell. Plaintiff

remained there for 44 days, and complained of a dirty mattress, toilet, sink, and walls, freezing air in the cell, and cold food. Plaintiff alleges that defendant D. Zanchi did this in retaliation for Plaintiff filing an inmate appeal. Defendant Peterson denied Plaintiff his due process by denying him access to a library and case law.

Plaintiff seeks monetary damages.

### III.  Discussion

####    1.  Linkage Requirement

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff names defendants Crounse and Slanker in his complaint, but fails to link Crounse or Slanker to any act or omission that would indicate a deprivation of federal or constitutional rights. Plaintiff thus fails to state a claim against them.

####    2.  Inmate Grievances

Plaintiff complains of defendants Sampson and Grannis for their actions in the inmate appeals process. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Plaintiff has no due process claim under § 1983 for defendants' actions solely in the inmate appeals process.

####    3.  Equal Protection

Plaintiff alleges violations of Equal Protection by defendants Gonzales, Carrasco, and Schulties. "The Equal Protection Clause of the Fourteenth Amendment provides that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyer v. Doe, 457 U.S. 202, 216 (1982)).

Prison officials must treat all religions equally, and not favor one religion over another.

Employment Div. v. Smith, 494 U.S. 872, 918 (1990). A prisoner must have a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 322 (1972)). Prisons need not provide identical accommodations to different faiths, see Cruz, 405 U.S. at 322 n.2, but must make "good faith accommodation of the [prisoners'] rights in light of practical considerations." Allen v. Toombs, 827 F.3d 563, 569 (9th Cir. 1987) (citing Gittlemacker v. Prasse, 428 F.3d 1, 4 (3rd Cir. 1970)). To succeed on an equal protection claim, a plaintiff in a section 1983 claim must show that officials intentionally acted in a discriminatory manner. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds as stated in Shakur, 514 F.3d at 884-85.

Plaintiff has not sufficiently alleged any facts that indicate an Equal Protection violation by defendants Gonzales, Carrasco, and Schulties. Plaintiff has not sufficiently alleged how defendants Gonzales, Carrasco, and Schulties discriminated against Plaintiff on the basis of religion. Vague allegations of failure to provide religious rights are not sufficient.

**4.   Free Exercise of Religion**

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citing O'Lone v. Shabazz, 482 U.S. 342 (1987)); see Bell v. Wolfish, 441 U.S. 520, 545 (1979). Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)); Callahan v. Woods, 658 F. 2d 679, 683 (9th Cir. 1981)).

Plaintiff has not sufficiently alleged any facts that indicate a First Amendment violation by defendants Gonzales, Carrasco, and Schulties. Plaintiff's vague allegations of failure to provide religious rights are insufficient to state a claim.

**5.   Access to the Courts**

Plaintiff alleges that defendant Peterson failed to provide Plaintiff due process by denying

him a library and case law. The Court interprets this as an access to the courts claim.[1]  Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

A necessary element for this claim requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)); see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Christopher, 536 U.S. at 415.

Plaintiff fails to allege any actual injury by being shut out of court. Plaintiff thus fails to state a cognizable access to the courts claim against defendant Peterson.

**6.  Supervisory Liability**

Plaintiff alleges liability against defendant W. J. Sullivan as warden. Plaintiff appears to be alleging supervisory liability. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th

---

[1] "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Plaintiff's allegations are better analyzed as an access to the courts claim, and thus substantive due process will not be applied.

Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege any facts that indicate defendant Sullivan personally participated in the alleged deprivation of a constitutional right, knew of the violations and failed to act to prevent them, or implemented a policy so deficient that the policy repudiates constitutional rights and is the moving force of the violation.

### 7. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Under federal pleading standards, Plaintiff alleges a cognizable retaliation claim against defendant D. Zanchi. Plaintiff makes vague claims of retaliation by 7 unknown officers, which are not cognizable.

### 8. Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v.

Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; see Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes, 452 U.S. at 347). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734.

Plaintiff alleges insufficient facts to indicate a violation of the Eighth Amendment. Plaintiff fails to allege that any defendants knew of and disregarded an excessive risk to inmate health or safety.

### IV. Conclusion and Order

Plaintiff has stated a cognizable retaliation claim against defendant D. Zanchi. Plaintiff has not stated a cognizable claim against defendants K. Sampson, W. J. Sullivan, D. Crounse, N. Grannis, M. Carrasco, L. L. Schulties, F. Gonzales, Slanker, Peterson, and 7 unknown officers. Plaintiff fails to state any other cognizable claims. The Court grants Plaintiff leave to file an amended complaint within thirty days.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendants listed above Plaintiff may so notify the Court in writing. The Court will then issue an order dismissing K. Sampson, W. J. Sullivan, D. Crounse, N. Grannis, M. Carrasco, L. L.

Schulties, F. Gonzales, Slanker, Peterson, and 7 unknown officers from this action, and will forward Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff opts to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File a first amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that Plaintiff does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 12, 2009**                               **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE