# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILLIAMS, | Case No. 1:09-cv-00551-AWI-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| v. | CERTAIN CLAIMS AND DEFENDANTS |
| K. SAMPSON, et al., | (Docs. 1, 10, 11) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.  Findings and Recommendations Following Screening**

Plaintiff Steven Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on March 24, 2009. (Doc. 1.) The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it states a cognizable claim against Defendant Zanchi for retaliation, but failed to state any other claims against any other defendants. (Doc. 10.) Plaintiff was ordered to file a first amended complaint or notify the Court of his willingness to proceed only against Defendant Zanchi. On December 11, 2009, Plaintiff filed his notice of intent to proceed only against Defendant Zanchi. (Doc. 11.) The Court thus issues the following Findings and Recommendations.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

## II.     Summary of Complaint

Plaintiff was previously incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action allegedly occurred.  Plaintiff names as defendants: appeals coordinator K. Sampson, Warden W. J. Sullivan, Lieutenant D. Crounse, Chief Appeals Director N. Grannis, Captain D. Zanchi, assistant warden M. Carrasco, C.D.N. Warden L. L. Schulties, acting warden F. Gonzales, sergeant Slanker, and seven unknown officers.  Plaintiff also names lieutenant Peterson as a defendant in the body of his complaint.

Plaintiff alleges violations of the Equal Protection Clause, the First Amendment, and the Eighth Amendment.  Plaintiff alleges that defendant Sampson denied process on Plaintiff's inmate appeals, including his food allergy appeals and sexual harassment allegations.  Plaintiff alleges defendant W. J. Sullivan has responsibility over the safety of his prisoners.  Plaintiff alleges that defendant N. Grannis has a pattern of disregard in answering Plaintiff's appeals. Plaintiff alleges retaliation at CCI by unknown officers.  Plaintiff alleges violations of the Eighth

2

Amendment and Equal Protection against defendant Gonzales for failure to establish a religious program for Muslim prisoners. Plaintiff alleges defendant Gonzales falsified documents, which amounted to conjecture. Plaintiff alleges that defendant M. Carrasco lied to Plaintiff during an institutional classification committee hearing. Plaintiff alleges that M. Carrasco told Plaintiff he would be afforded his religious rights, but Plaintiff has not been afforded his religious freedom. Plaintiff alleges that defendant Schulties as chief deputy warden did deny and continued to deny Plaintiff's rights.

Plaintiff alleges that defendant D. Zanchi moved Plaintiff to a management cell. Plaintiff remained there for 44 days, and complained of a dirty mattress, toilet, sink, and walls, freezing air in the cell, and cold food. Plaintiff alleges that defendant D. Zanchi did this in retaliation for Plaintiff filing an inmate appeal. Defendant Peterson denied Plaintiff his due process by denying him access to a library and case law.

Plaintiff seeks monetary damages.

### III.    Discussion

#### 1.    Linkage Requirement

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff names defendants Crounse and Slanker in his complaint, but fails to link Crounse or Slanker to any act or omission that would indicate a deprivation of federal or constitutional rights. Plaintiff thus fails to state a claim against them.

#### 2.    Inmate Grievances

Plaintiff complains of defendants Sampson and Grannis for their actions in the inmate appeals process. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Plaintiff has no due process claim under § 1983 for defendants' actions solely in the inmate appeals process.

### 3. Equal Protection

Plaintiff alleges violations of Equal Protection by defendants Gonzales, Carrasco, and Schulties. "The Equal Protection Clause of the Fourteenth Amendment provides that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyer v. Doe, 457 U.S. 202, 216 (1982)).

Prison officials must treat all religions equally, and not favor one religion over another. Employment Div. v. Smith, 494 U.S. 872, 918 (1990). A prisoner must have a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 322 (1972)). Prisons need not provide identical accommodations to different faiths, see Cruz, 405 U.S. at 322 n.2, but must make "good faith accommodation of the [prisoners'] rights in light of practical considerations." Allen v. Toombs, 827 F.3d 563, 569 (9th Cir. 1987) (citing Gittlemacker v. Prasse, 428 F.3d 1, 4 (3rd Cir. 1970)). To succeed on an equal protection claim, a plaintiff in a section 1983 claim must show that officials intentionally acted in a discriminatory manner. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds as stated in Shakur, 514 F.3d at 884-85.

Plaintiff has not sufficiently alleged any facts that indicate an Equal Protection violation by defendants Gonzales, Carrasco, and Schulties. Plaintiff has not sufficiently alleged how defendants Gonzales, Carrasco, and Schulties discriminated against Plaintiff on the basis of religion. Vague allegations of failure to provide religious rights are not sufficient.

### 4. Free Exercise of Religion

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citing O'Lone v. Shabazz, 482 U.S. 342 (1987)); see Bell v. Wolfish, 441 U.S. 520, 545 (1979). Only beliefs which are both sincerely

held and rooted in religious beliefs trigger the Free Exercise Clause.  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)); Callahan v. Woods, 658 F. 2d 679, 683 (9th Cir. 1981)).

Plaintiff has not sufficiently alleged any facts that indicate a First Amendment violation by defendants Gonzales, Carrasco, and Schulties.  Plaintiff's vague allegations of failure to provide religious rights are insufficient to state a claim.

**5. Access to the Courts**

Plaintiff alleges that defendant Peterson failed to provide Plaintiff due process by denying him a library and case law.  The Court interprets this as an access to the courts claim.[1]  Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

A necessary element for this claim requires that plaintiff show he suffered an "actual injury" by being shut out of court.  Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351.  The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability.  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)); see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 784-85 (9th Cir. 2000).  Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts.  Harbury, 536 U.S. at 415.

---

[1] "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).  Plaintiff's allegations are better analyzed as an access to the courts claim, and thus substantive due process will not be applied.

1    Plaintiff fails to allege any actual injury by being shut out of court.  Plaintiff thus fails to
2  state a cognizable access to the courts claim against defendant Peterson.

3    **6.    Supervisory Liability**

4    Plaintiff alleges liability against defendant W. J. Sullivan as warden.  Plaintiff appears to
5  be alleging supervisory liability.  Supervisory personnel are generally not liable under § 1983 for
6  the actions of their employees under a theory of respondeat superior and, therefore, when a
7  named defendant holds a supervisorial position, the causal link between him and the claimed
8  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
9  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
10 941 (1979).  To state a claim for relief under § 1983 based on a theory of supervisory liability,
11 Plaintiff must allege some facts that would support a claim that supervisory defendants either:
12 personally participated in the alleged deprivation of constitutional rights; knew of the violations
13 and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the
14 policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
15 constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations
16 omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

17   Plaintiff fails to allege any facts that indicate defendant Sullivan personally participated in
18 the alleged deprivation of a constitutional right, knew of the violations and failed to act to
19 prevent them, or implemented a policy so deficient that the policy repudiates constitutional rights
20 and is the moving force of the violation.

21   **7.    Retaliation**

22   Allegations of retaliation against a prisoner's First Amendment rights to speech or to
23 petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532
24 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.
25 Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First
26 Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some
27 adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
28 such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

1 not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Under federal pleading standards, Plaintiff alleges a cognizable retaliation claim against defendant D. Zanchi. Plaintiff makes vague claims of retaliation by 7 unknown officers, which are not cognizable.

**8.     Eighth Amendment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; see Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes, 452 U.S. at 347). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734.

Plaintiff alleges insufficient facts to indicate a violation of the Eighth Amendment. Plaintiff fails to allege that any defendants knew of and disregarded an excessive risk to inmate health or safety.

///

7

## IV. Conclusion and Recommendation

Plaintiff has stated a cognizable retaliation claim against defendant D. Zanchi. Plaintiff has not stated a cognizable claim against defendants K. Sampson, W. J. Sullivan, D. Crounse, N. Grannis, M. Carrasco, L. L. Schulties, F. Gonzales, Slanker, Peterson, and 7 unknown officers. Plaintiff fails to state any other cognizable claims. Plaintiff was provided the opportunity to file an amended complaint to cure the deficiencies identified herein, but declined. Accordingly, the Court declines to grant Plaintiff leave to amend.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  This action proceed against Defendant D. Zanchi for retaliation; and
2.  Defendants K. Sampson, W. J. Sullivan, D. Crounse, N. Grannis, M. Carrasco, L. L. Schulties, F. Gonzales, Slanker, Peterson, and 7 unknown officers are dismissed from this action for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 14, 2009**                    **/s/ Dennis L. Beck**
                                                                            UNITED STATES MAGISTRATE JUDGE