# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILLIAMS, | CASE NO. 1:09-cv-00551-AWI-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| D. ZANCHI, | |
| Defendant. | (Doc.19 ) |
| | FINDINGS AND RECOMMENDATIONS RECOMMENDING  DENYING DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRING SECURITY |
| | (Doc. 18) |
| | THIRTY-DAY DEADLINE |

I.     **Motion to Dismiss**

    A.     **Procedural History**

       Plaintiff Steven Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint filed on March 24, 2009, against Defendant D. Zanchi for retaliation.  (Doc. 1.)  On April 14, 2010, Defendant filed a motion to dismiss and a motion to declare Plaintiff a vexatious litigant. (Docs. 18, 19.) Plaintiff filed an opposition on May 5, 2010,[1] and Defendant filed

---

[1] Plaintiff was notified of the requirements for opposing a motion to dismiss for failure to exhaust by order filed February 18, 2010.  (Doc. 17.)

a reply on May 12, 2010.  (Docs. 21, 22.)  Plaintiff filed a surreply on May 24, 2010.  (Doc. 23.)

**B.   Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions.  Woodford v. Ngo, 548 U.S. 81, 85 (2006).  All available  remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S.  at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs., tit. 15 § 3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense  which defendants have the burden of raising and proving the absence of exhaustion.  Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact."  Sapp v. Kimbrell, __ F.3d. __, *4 (9th

2

1   Cir. 2010) (quoting Wyatt, 315 F.3d at 1119-20).  If the court concludes that the prisoner has

2   failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even

3   where there has been exhaustion while the suit is pending.  Lira, 427 F.3d at 1171.

4        **C.    Discussion**

5        Plaintiff alleges that on August 14, 2008, in retaliation for filing a grievance, Defendant

6   Zanchi moved him into a management cell for 44 days.  (Docs. 1, p.12; 19-3, pp. 2-3, 5.)  On

7   September 20, 2008, Plaintiff completed a inmate appeal form, grievance 08-2698.  (Doc. 19-3,

8   p. 5.)  The first level appeal was denied on December 10, 2008.  (Id., pp. 6, 19-20.)  The second

9   level appeal was denied on January 20, 2009.  (Id., pp. 6, 21-22.)  On March 18, 2009, Plaintiff's

10  directors level appeal was screened out and returned to Plaintiff for failure to comply with the

11  appeal procedures, specifically it was missing CDC Form 128-G, Classification Chrono.  (Id., p.

12  26.)  Plaintiff filed this action on March 24, 2009.  (Doc. 1.)  On May 29, 2009, the director's

13  level appeal decision was issued.  (Docs. 19-2, pp. 2:26-3:3; 19-3, pp. 2-3.)

14       Defendant moves to dismiss the complaint because Plaintiff failed to exhaust his

15  administrative remedies until more than two months after filing suit.  (Doc. 19-1, p. 3:8-10, 17-

16  18.)  Plaintiff opposes the motion stating that the grievances he filed were not acted upon  in

17  compliance with the time lines set forth in Title 15 of the California Code of Regulations.  (Doc.

18  21, p. 3.)  Additionally, Plaintiff alleges that he did exhaust his administrative remedies with

19  grievance 08-1985.  (Doc. 23, p. 7.)

20       On July 30, 2008, approximately two weeks prior to being placed in the management cell,

21  Plaintiff filed grievance 08-1985 alleging that Warden Gonzalez willfully generated a memo

22  stating untrue facts.  Plaintiff complained that he had been in administrative segregation since

23  June 4, 2008, and was "denied access to the library, copies, research material, etc." (Doc. 1, pp.

24  78-79.)  Additionally, Plaintiff alleged that conditions did not comply with the Americans With

25  Disabilities Act ("ADA"), he was denied exercise, basic hygiene, mail, mental health programs,

26  processing over 30 appeals, and access to activities that mainline inmates receive.  Plaintiff

27  alleged "[t]here's [sic] no modifications being done over here in [administrative segregation,]

28  nothing but retaliation and denial of my rights to appeal and be answered, access to courts per

3

1  [sic] law[,] access to exercise and fresh air, to be free from vile and proper sanitation, thus, denial

2  of my ADA rights per the remedial plan.  (Id., p.79.)

3      In his second level appeal, dated September 25, 2008, Plaintiff complained that he had

4  been placed in a management cell on August 31, 2008 for litigating.  Since the issue was not

5  presented at the first level of the administrative process, grievance 08-1985 did not exhaust

6  administrative remedies for the claim that Defendant Zanchi retaliated against Plaintiff by

7  placing him in a management cell.  Sapp, __ F.3d at *8.

8      Plaintiff's argues that it is clear on the face in this action that Defendants obstructed

9  exhaustion in grievance 08-2698.  (Doc. 23, p. 5.)  A review of the grievance shows that at each

10  level the date of completion is on or within one day of the due date.  (Doc. 19-3, p. 6.)  The only

11  delay shown in processing the grievance was at the directors level, which was appropriately

12  screened out because Plaintiff failed to attach all necessary supporting documents.  Sapp, __ F.3d

13  at *9.  Plaintiff failed to exhaust administrative remedies since he filed this action prior to the

14  directors level decision being issued in grievance 08-2698.   Lira, 427 F.3d at 1171.

15  Accordingly, the Court recommends that Defendant's motion to dismiss for failure to exhaust

16  administrative remedies be granted, without prejudice.

17  **II.**   **Motion to Declare Plaintiff a Vexatious Litigant and Require Security**

18      **A.**   **Legal Standard**

19      Defendant contends that Plaintiff is a vexatious litigant as he has "commenced,

20  prosecuted or maintained in propria persona more than five unsuccessful lawsuits in the past

21  seven years, has repeatedly sued the same defendants, and has repeatedly filed unmeritorious

22  motions, pleadings or other papers."  (Doc. 18-1, p. 5:26-28.)  Defendant requests the Court to

23  declare Plaintiff a vexatious litigant and require him to post security.  (Id. at 1:26-27.)  The All

24  Writs Act, 28 U.S.C. § 1651, gives the Court the power to enjoin a party who has a history of

25  abusive or lengthy litigation.  De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990);

26  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).

27      In determining the basis upon which the Court may require a litigant to post security, this

28  Court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil

4

Procedure, relating to vexatious litigants. . . ."  Local Rule 151(b).  Under the law of the State of California, "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security."  Cal. Civ. Proc. Code § 391.1 (West 2008).  Defendant requests that the Court declare Plaintiff vexatious pursuant to section 391.  Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security. However, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent.

Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness.  The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided.  De Long, 912 F.2d at 1148.

**B.      Discussion**

As Plaintiff's complaint will be dismissed for failure to exhaust administrative remedies, the Court need not make a finding on the motion to declare Plaintiff a vexatious litigant. However, the Court notes that Plaintiff is subject to the filing restriction set forth in 28 U.S.C. § 1915(g).  This section of the in forma pauperis statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Plaintiff has filed three or more actions that were dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted, and is now subject to section 1915(g).[2]  With respect to suits filed in federal court by prisoners concerning conditions of confinement, one of the most negative consequences stemming from

---

[2] Among the dismissals suffered by plaintiff that count as strikes under 1915(g) are Williams v. Sandham, 2:03-cv-02044-LKK-JFM (dismissed 8/7/2009 for failure to state a claim); Williams v. Nuchols, 2:04-cv-01167-LKK-EFB (dismissed 6/21/2007 for failure to state a claim); Williams v. Sullivan, 1:08-cv-01187-DGC (dismissed 7/1/2009 for failure to state a claim); and Williams v. Schulties, 1:09-cv-00118-OWW-SMS (dismissed 1/25/10 for failure to state a claim).

frequent filing, or recreational litigation, is the application of section 1915(g).  Plaintiff is now subject to that section and so has earned one of the more powerful negative consequences of frequent filing.

**III.** **Conclusion and Recommendation**

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Defendant's motion to dismiss based on Plaintiff's failure to exhaust administrative remedies, filed April 14, 2010, be GRANTED, without prejudice; and

2. Defendant's motion for an order declaring Plaintiff a vexatious litigant, filed April 14, 2010, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 28, 2010

UNITED STATES MAGISTRATE JUDGE