UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILLIAMS, | CASE NO. 1:09-cv-00551-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 36) |
| D. ZANCHI, | |
| Defendant. / | |

**ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Steven Williams is a state prisoner who proceeded pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

On December 3, 2010, the Court issued an Order adopting the Magistrate Judge's findings and recommendations, granting Defendants' Motion to Dismiss, and dismissing this action, without prejudice, for failure to exhaust his administrative remedies. (ECF No. 28 & 25.) Plaintiff then filed a notice of appeal. (ECF No. 30.) On May 9, 2011, Plaintiff filed a Motion for Rehearing with this Court. (ECF No. 36.) Plaintiff's appeal was dismissed on June 9, 2011. (ECF No. 37.)

Plaintiff's Motion for Rehearing is now pending before this Court.

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an

equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

### III.   ANALYSIS

Plaintiff states that his original complaint contains evidence that Defendants were in procedural default because they missed prison appeal procedure deadlines, and that Defendants never disputed that fact. Plaintiff specifically refers to pages 91, 94, and 97 of his complaint, stating that the time stamps on these prison appeal documents clearly establish an error in calculating dates by the Magistrate Judge.

This is the basically same argument offered by Plaintiff in his Opposition to Defendants' Motion to Dismiss and in his Objection to the Magistrate Judge's Findings and Recommendations. (ECF Nos. 21 & 26.) Plaintiff does not demonstrate any new or different facts or circumstances which did not exist or were not shown in his previous filings. In fact, Plaintiff points to exactly the same page numbers to make the same argument. Plaintiff does not offer any newly discovered evidence, clear error, or a change in the law.

IV. **CONCLUSION AND ORDER**

    Because Plaintiff did not meet his burden as the party moving for reconsideration, his motion is HEREBY DENIED. No further filings will be accepted in this closed case.

IT IS SO ORDERED.

Dated:  June 15, 2011

                                    CHIEF UNITED STATES DISTRICT JUDGE